Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                          :
WOLFGANG BOLLAND, HARTMUT PETERS AND          :
WEGE ZU MOZART                                            :          06 CV 3196 (TPG)
VERANSTALTUNGSGESELLSCHAFT M.B.H.,             :
                                                          :
                                    Plaintiffs,           :
                                                          :          AMENDED [PROPOSED]
                                                          :          ORDER AND OPINION
                      -against-                           :
                                                          :
THE REPUBLIC OF ARGENTINA,                        :
                                                          :
                                                          :
                                    Defendant.           :
------------------------------------------------------------------------ X

Plaintiffs are the beneficial owners of certain bond indebtedness issued by defendant, the

Republic of Argentina. The Republic defaulted on such indebtedness in December 2001 during

a profound fiscal crisis. Plaintiffs are suing to recover amounts due to them as a result of the

default and have moved for summary judgment.

The motions are granted.

## FACTS

The bond indebtedness at issue is governed by one of three agreements: (1) a Fiscal

Agency Agreement dated October 19, 1994 (the "1994 FAA"), (2) a Fiscal Agency Agreement

dated December 10, 1993 (the "1993 FAA"), or (3) a Floating Rate and Bond Exchange

Agreement dated December 6, 1992 (the "FRB Agreement"). The 1994 FAA is the same

agreement that governed the bond indebtedness on which this court granted summary judgment

to the plaintiffs in Lightwater Corporation Ltd. v. Republic of Argentina, No. 02 Civ. 3804,

2003 WL 1878420 (S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA, Section 20 of the

1993 FAA, and Section 6.07 of the FRB Agreement state that the Republic waives sovereign

immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan

in the City of New York. All three agreements provide that the Republic's obligations on the

bonds are unconditional and that failure to make any payment of principal or interest for 30 days

after the applicable payment date constitutes an event of default. A declaration by the Republic

of a moratorium on the payment of principal or interest on its public external indebtedness is an

event of default as well. Paragraph 12 of the 1994 FAA provides for acceleration of principal if

there is a failure to pay interest or a moratorium. If either of these events occurs,

> each holder of Securities and such Series
> may by such notice in writing declare the
> principal amount of Securities of such Series
> held by it to be due and payable
> immediately . . . .

On December 24, 2001 the Republic declared a moratorium on payments of principal and

interest on the external debt of the Republic. The court refers to its previous opinions for a

description of the circumstances of these defaults. Lightwater, 2003 WL 1878420, at *2;

Applestein v. Republic of Argentina, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr.

29, 2003). On April 24, 2006, plaintiffs sent notices to the Fiscal Agent of the Republic of

Argentina, declaring the principal amounts of the debt securities governed by the 1994 FAA and

1993 FAA held by plaintiffs to be immediately due and payable.

The bonds that are the subject of this action are listed hereafter. Also listed are the amounts of the beneficial interests owned by each plaintiff.[1]

The following tables contain the necessary identifying information regarding each plaintiff's beneficial interests in bonds.

Table 1.

| Plaintiff Bond Holder or Beneficial Owner: | Wolfgang Bolland |
|---|---|
| Face Value: | U.S. $360,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114AN0; ISIN No. US040114AN02 |
| Date Of Issuance: | October 9, 1996 |
| Date Of Maturity: | October 9, 2006 |
| Interest Rate/Payable: | 11 % |
| Date Of Purchase: | On or about September 18, 1997 |
| Acceleration: | Notice sent April 24, 2006. |
| Contract Documents: (FAA; Indenture; Offering Prospectus; Certificates, etc.) | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statement from Graubundner Kantonalbank dated September 25, 2006. |

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in Million Air Corp. v. Republic of Argentina, No. 04 Civ. 1048, 2005 WL 256126 (S.D.N.Y. Oct. 17, 2005).

Table 2.

| Plaintiff Bond Holder or Beneficial Owner: | Hartmut Peters |
|---|---|
| Face Value: | U.S. $2,165,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114AN0; ISIN No. US040114AN02 |
| Date Of Issuance: | October 9, 1996 |
| Date Of Maturity: | October 9, 1996 |
| Interest Rate/Payable: | 11 % |
| Date Of Purchase: | On or before December 31, 2001 |
| Acceleration: | Notice sent April 24, 2006 |
| Contract Documents: (FAA; Indenture; Offering Prospectus; Certificates, etc.) | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statements from (i) Graubundner Kantonalbank dated September 18, 2006 and (ii) Marcard, Stein & Co. Bankers dated September 20, 2006 |

4

Table 3.

| Plaintiff Bond Holder or Beneficial Owner: | Wege Zu Mozart Veranstaltungsgesellschaft m.b.H. ("Wege") |
|---|---|
| Face Value: | U.S. $370,000 |
| CUSIP No., ISIN No., BB No.: | CUSIP No. 040114AV2; ISIN No. US040114AV28 |
| Date Of Issuance: | September 19, 1997 |
| Date Of Maturity: | September 19, 2027 |
| Interest Rate/Payable: | 9.75 % |
| Date Of Purchase: | On or before June 22, 2005 |
| Acceleration: | Notice sent April 24, 2006 |
| Contract Documents: (FAA; Indenture; Offering Prospectus; Certificates, etc.) | Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") |
| Evidence of Ownership Proffered: (Account Statements; Letters; Notarized Statements, etc.) | Account statement from Luzerner Kantonalbank in the name of Wege, dated September 14, 2006 |

5

## DISCUSSION

This Court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA, the 1993 FAA and the FRB Agreement. This has occurred in Lightwater, supra, Mazzini v. Republic of Argentina, No. 03 Civ. 8120, 2005 WL 743090 (S.D.N.Y. Mar. 31, 2005), and other cases. Only certain specific issues need to be discussed in connection with the present motion.

### Standing and Proof of Ownership

In the two opinions in Fontana v. Republic of Argentina, 415 F.3d 238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. See Transcript, March 28, 2006, Cilli v. Republic of Argentina (04 Civ. 6594).

Here, plaintiffs have adequately demonstrated through their account statements that they owned their beneficial interests as of various dates in 2006. There is no evidence of any change of ownership thereafter.

## CONCLUSION

The motions for summary judgment are granted. Judgment will be entered for the principal amount of the bonds issued under the 1993 FAA and 1994 FAA plus accrued interest.

6

The parties shall consult with one another concerning the form of the judgment and the amounts of interest that should be awarded in the judgment. If the parties are able to reach agreement, they shall jointly submit an agreed proposed judgment to the Court to be entered on a date agreed to by the parties upon consultation with Chambers. If the parties are unable to reach agreement on those subjects, plaintiffs shall submit a proposed judgment to the Court, and the Republic shall submit any objections to the proposed judgment within five business days thereafter. The Court will then resolve any remaining disagreements. Proposed judgments submitted to the Court should include the following language: "It is further ORDERED that, until further notice from the Court, plaintiff(s) must refrain from selling or otherwise transferring its beneficial interest in the bond(s) involved in this action without advising the Court in advance and obtaining permission of the Court."

SO ORDERED.

Dated:    New York, New York
          March 30, 2007

                                        THOMAS P. GRIESA
                                        U.S.D.J.

7